UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| Lamika K. Barton on behalf of T.A.P., | Case No. 2:22-cv-00761-DJA |
| Plaintiff, | |
| v. | Order |
| Kilolo Kijakazi, Acting Commissioner of Social Security, | |
| Defendant. | |

Before the Court is Plaintiff's motion for reversal and remand (ECF No. 19) and the Commissioner's countermotion to affirm (ECF No. 20) and response (ECF No. 21). Plaintiff filed a reply. (ECF No. 22). Because the Court finds that the ALJ's limitation findings are supported by substantial evidence, it denies Plaintiff's motion to remand (ECF No. 19) and grants the Commissioner's countermotion to affirm (ECF No. 20). The Court finds these matters properly resolved without a hearing. LR 78-1.

**I.      Background.**

   *A.      Procedural history.*

Plaintiff filed an application for Supplemental Security Income Benefits on behalf of her minor son T.A.P. ("Claimant") on October 31, 2019, alleging an onset of disability commencing April 30, 2019. (ECF No. 19 at 2). Her application was denied initially on March 31, 2020 and again upon reconsideration on September 9, 2020. (*Id.*). The ALJ issued an unfavorable decision dated May 19, 2021. (*Id.*). On March 14, 2022, the Appeals Council denied review, making the ALJ's decision the final agency decision. (*Id.*).

   *B.      The ALJ decision.*

Because Claimant is under the age of 18, the ALJ followed the three-step sequential evaluation process set forth in 20 C.F.R. § 416.924. (AR 24-34). At step one, the ALJ found that

Claimant had not engaged in substantial gainful activity since October 31, 2019, the application date. (AR 25). At step two, the ALJ found that Claimant has the following severe impairments: autism spectrum disorder, borderline intellectual functioning, speech disorder, and asthma. (AR 25). At step three, the ALJ found that Claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix I. (AR 25). In making this finding, the ALJ considered Listings 103.03, 112.02, and 112.10. (AR 26). The ALJ thus found that Claimant had not been disabled since October 31, 2019. (AR 33).

## II.    Standard.

The court reviews administrative decisions in social security disability benefits cases under 42 U.S.C. § 405(g). *See Akopyan v. Barnhard*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) states, "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action…brought in the district court of the United States for the judicial district in which the plaintiff resides." The court may enter, "upon the pleadings and transcripts of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing." *Id.* The Ninth Circuit reviews a decision of a District Court affirming, modifying, or reversing a decision of the Commissioner *de novo*. *Batson v. Commissioner*, 359 F.3d 1190, 1193 (9th Cir. 2003).

The Commissioner's findings of fact are conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005). However, the Commissioner's findings may be set aside if they are based on legal error or not supported by substantial evidence. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *see also Bayliss v. Barnhart*, 427 F.3d

1211, 1214 n.1 (9th Cir. 2005). In determining whether the Commissioner's findings are supported by substantial evidence, the court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *see also Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996). Under the substantial evidence test, findings must be upheld if supported by inferences reasonably drawn from the record. *Batson*, 359 F.3d at 1193. When the evidence will support more than one rational interpretation, the court must defer to the Commissioner's interpretation. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *Flaten v. Sec'y of Health and Human Serv.*, 44 F.3d 1453, 1457 (9th Cir. 1995).

### III. Disability evaluation process.

For an individual under eighteen years of age to be considered disabled for the purpose of receiving benefits, he must suffer from a "medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i). An impairment meets this requirement if it meets or equals in severity any impairment that is listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "listings"). 20 C.F.R. § 416.924(d).

The Regulations promulgated by the Social Security Administration establish a three-step sequential evaluation process for child disability cases. *See* 20 C.F.R. § 416.924. At step one, the relevant inquiry is whether the child is engaged in substantial gainful activity. 20 C.F.R. § 416.924(a). If so, no disability exists, and the claim is denied. 20 C.F.R. § 416.924(b). If the child is not engaged in substantial gainful activity, the fact finder then determines whether the child has a medically determinable impairment or combination of impairments that is severe. 20 C.F.R. § 416.924(a). If the impairment is a "slight abnormality or a combination of slight abnormalities that causes no more than minimal functional limitations," the Commissioner will find that the impairment is not severe and will deny the child's claim. 20 C.F.R. § 416.924(c).

If the child has a severe impairment, the third and final step assesses whether the impairment meets or medically or functionally equals in severity an impairment in the listings.

20 C.F.R. § 416.924(d). If the impairment meets or equals the requirements of a listing, the child will be found disabled, assuming that the 12-month duration requirement is also met. *Id*.

To determine whether a child's severe impairment functionally equals a listed impairment, the Commissioner assesses all of the functional limitations caused by the child's impairment in six domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for oneself; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1)(i)-(vi). To functionally equal a listed impairment, a child's impairment must result in "marked" limitations in two domains or an "extreme" limitation in one domain. 20 C.F.R. § 416.926a(a). A "marked" limitation is one that "interferes seriously with [the child's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(2)(i). It is "more than moderate" but "less than extreme." *Id*. A child's "day-to-day functioning may be seriously limited when [his] impairment(s) limits only one activity or when the interactive and cumulative effects of [his] impairment(s) limit several activities." *Id*. An "extreme" limitation "interferes very seriously with [the child's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(3)(i). It is the rating given to "the worst limitations." *Id*.

### IV. Analysis.

#### A. *Whether the ALJ sufficiently addressed the opinion of Claimant's first-grade teacher, Jan Mancenido.*

The ALJ found Ms. Mancenido's Teacher Questionnaire persuasive because it was generally supported by Plaintiff's testimony and Claimant's presentation on mental status examinations. (AR 33). Ms. Mancenido's opinion was that Plaintiff experienced obvious to serious problems in the domains of: (1) attending and completing tasks; (2) interacting and relating with others; and (3) caring for himself. (AR 231-35). With respect to Claimant's behavior, the ALJ noted that Ms. Mancenido indicated that the Claimant has a behavior plan in place and is allowed to see a school counselor as needed and, aside from this measure, Ms. Mancenido reminds claimant of his breathing techniques and tries to avoid certain triggers to avoid meltdowns. (AR 33). The ALJ noted that Ms. Mancenido indicated that Claimant was

capable of performing certain hygiene tasks with only slight difficulties, but that Ms. Mancenido often needed support from the school counselor during Claimant's episodes. (AR 33).

The ALJ found these opinions consistent with Plaintiff's testimony that Claimant has meltdowns when things are not up to his standards or when things deviate from their planned course, but also reported that Plaintiff is able to help Claimant calm down and the Claimant's therapist reported that, with treatment, Claimant has learned to sometimes self-regulate and reason during an episode. (AR 33). The ALJ also found that Ms. Mancenido's opinions were consistent with the psychological consultant Dr. Elizabeth James, who noted that Claimant was restless, occasionally gave tangential and indirect responses to questions, and had difficulty answering comprehension questions. (AR 33). The ALJ ultimately concluded that Claimant had less-than-marked limitations in the domains of attending and completing tasks and caring for himself. (AR 29).

1.      The parties' arguments.

Plaintiff argues that the ALJ's finding that Claimant has less than marked limitations in the functional domains of attending and completing tasks and caring for himself at step three is irreconcilable with the ALJ's finding that Ms. Mancenido's opinion was persuasive. (ECF No. 19 at 7). Plaintiff explains that Ms. Mancenido's notation that Plaintiff had serious problems in these domains "equates" to the SSA's definition of a marked limitation. (*Id.* at 9). Thus, the ALJ finding Ms. Mancenido's opinion persuasive is inconsistent with the ALJ's findings that Claimant had less than marked limitations in the domains in which Ms. Mancenido found that Claimant had serious problems. (*Id.*). And because the ALJ did not explain this inconsistency, the ALJ erred. (*Id.* at 10).

The Commissioner responds that the ALJ "reasonably read Ms. Mancenido's statement as showing less-than-marked limitation[s]."[1] (ECF No. 20 at 10). In support of this argument, the

---

[1] The Commissioner's response argues in large part that because Ms. Mancenido is not a medical source, but rather a lay witness, the ALJ was not required to articulate how the ALJ considered Ms. Mancenido's opinion. (ECF No. 20 at 7-9). Many of the Commissioner's arguments to this point include the underlying premise that the ALJ "discounted" Ms. Mancenido's opinion. (ECF No. 20 at 10) ("[w]ere the Court to disagree, however [that the ALJ was not required to articulate

Commissioner points out that Ms. Mancenido's opinion did not necessarily equate to a marked limitation because, under the regulation, the Claimant's "day-to-day functioning *may be* seriously limited when your impairment(s) limits only one activity or when the interactive and cumulative effects of your impairment(s) limit several activities." (*Id.*) (citing 20 C.F.R. § 416.926a(e)(2)(i)) (emphasis added by the Commissioner). The Commissioner notes that, in the domain of attending and completing tasks, Ms. Mancenido indicated that Plaintiff had a serious problem with only one of thirteen listed activities. (*Id.*); (AR 232). And in the domain of caring for himself, Ms. Mancenido indicated that Plaintiff had a serious problem with only six of ten[2] listed activities. (ECF No. 20 at 11); (AR 235). Coupled with the ALJ's consideration of Plaintiff's statements, Claimant's therapist's statements, and Ms. Mancenido's statements regarding Claimant's calming techniques, the Commissioner argues that the ALJ reasonably assessed Plaintiff as having less-than-marked limitations in the two domains. (ECF No. 20 at 11).

Plaintiff replies that, to the extent the Commissioner argues that the ALJ "balanced" Ms. Mancenido's findings that Claimant had serious problems in certain activities with her findings that he had less than serious problems with others, that balancing would be error under SSR 09-01p, which prohibits averaging activities. (ECF No. 22 at 5). Plaintiff adds that "[r]egardless, the ALJ did not claim to commit this error and Defendant's attempt to offer the reasoning that is absent from the ALJ's decision is merely impermissible post-hoc rationalization…" (*Id.*).

2. <u>Analysis</u>.

Here, Plaintiff's argument is based on the premise that Ms. Mancenido's findings that Claimant had serious problems in the domains of attending and completing tasks and caring for himself *equate* to a marked limitation in those domains. But the regulations provide a more

---

how the ALJ considered Ms. Mancenido's opinion], it should still find no error because the ALJ provided reasons for *discounting* the lay witness statements…") (emphasis added). But as Plaintiff points out, the ALJ did not discount Ms. Mancenido's opinion. The ALJ found it persuasive. (AR 33). And the ALJ did articulate how he considered Ms. Mancenido's opinion. (AR 33). Because these arguments are based on a premise belied by the record, the Court does not consider Commissioner's arguments on these points.

[2] The Commissioner writes "six of the thirteen listed activities…" (ECF No. 20 at 11). However, this appears to be a typographical error.

complicated analysis.  When assessing functional limitations, the ALJ considers all the relevant factors in 20 C.F.R. §§ 416.924a, 416.924b, and 416.929, including, but not limited to: (1) how well the child can initiate and sustain activities, how much extra help they need, and the effects of structured or supportive settings; (2) how the child functions in school; and (3) the effects of the child's medications and other treatment.  *See* 20 C.F.R. § 416.926a(a)(1)-(3).  And a limitation in a domain is "marked" when the child's impairments "interfere[] seriously with [his] ability to independently initiate, sustain, or complete activities."  20 C.F.R. § 416.926a(e)(2)(i).

Of course, while Plaintiff accurately points out that, under the regulations, a child's "day-to-day functioning may be seriously limited when [the child's] impairment(s) limit only one activity or when the interactive and cumulative effects of [the child's] impairments limit several activities," that regulation does not mandate that a serious problem in an activity automatically equates with a marked limitation in the entire domain.  *Id.*  This is particularly true because the ALJ considers the effects of a child's impairments "longitudinally" or over time.  SSR 09-1p.

In *Thao v. Saul*, the Eastern District of California considered very similar arguments to the ones Plaintiff makes here: that the ALJ erred by finding a teacher's opinion that a child had serious limitations in certain domains persuasive but then finding that the child had less than marked limitations in those same domains.  *See Thao v. Saul*, No. 1:19-cv-01473-HBK, 2022 WL 59628, at *5-6 (E.D. Cal. Jan. 6, 2022).  The plaintiff's arguments were unsuccessful on two grounds.  *See id.*  First, because the plaintiff "fail[ed] to specifically challenge the ALJ's findings of less marked limitations in the two domains[] based on the evidence from the longitudinal record…"  *Id.*  Second, because the court found no evidence that the ALJ had impermissibly averaged the teacher's findings of less than serious limitations in some activities with serious limitations in others.  *Id.*

While the *Thao* court ultimately remanded the case on other grounds and is not binding on this Court, the similarity of the arguments raised by both the plaintiff and the Commissioner in that case with those raised here make it persuasive.  And Plaintiff's arguments here fail for the same reason as the plaintiff's arguments in *Thao v. Saul*.  Plaintiff has not challenged the ALJ's findings of less marked limitations in the domains at issue based on the evidence from the

longitudinal record.  Instead, Plaintiff relies only on the opinion of Ms. Mancenido, ignoring that the ALJ analyzed other sources of information to come up with the Claimant's limitations.  Plaintiff also has conceded that the "ALJ did not claim to commit [the error of averaging Ms. Mancenido's findings]."  (ECF No. 22 at 5).  And the Court does not find evidence of this.  Ultimately, Plaintiff has not demonstrated that the ALJ's evaluation of Claimant's functional equivalence is not supported by substantial evidence.  As a result, the Court denies Plaintiff's motion for remand and grants the Commissioner's countermotion to affirm.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for remand (ECF No. 19) is **denied**.

**IT IS FURTHER ORDERED** that the Commissioner's countermotion to affirm (ECF No. 20) is **granted**.  The Clerk of Court is kindly directed to enter judgment accordingly and close this case.

DATED: April 27, 2023

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE